UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BLAIR SALLEY, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OneSource Building Technologies, Inc.,<br><br>Defendant. | Case No. 14 cv 3605<br><br>United States Courts<br>Southern District of Texas<br>FILED<br><br>DEC 17 2014<br><br>David J. Bradley, Clerk of Court |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Blair Salley, by and through undersigned counsel, individually and on behalf of others similarly situated, files this Collective Action Complaint against OneSource Building Technologies, Inc., ("OneSource" or "Defendant") to recover unpaid overtime wages under federal law. Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331 because this action asserts claims arising under federal law, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because OneSource maintains its corporate headquarters in Houston, Texas, does business in the district, and because a substantial part of the events giving rise to the claims occurred in this district.

### PARTIES

3. Defendant is a corporation with its principal place of business located at 8300 FM 1960 Road West, Suite 100, Houston, Texas 77070. At all times relevant to this action, Defendant qualifies as Plaintiff's and the Collective's "employer" within the meaning of the

FLSA, 29 U.S.C. § 203(d).

4. Plaintiff Blair Salley is an adult resident of Douglas County, Colorado. During relevant times, Plaintiff worked as a Field Technician for Defendant and qualified as an "employee" as defined by the FLSA, 29 U.S.C. § 203(e)(1).

5. Plaintiff was an employee of Defendant from September 2011 to February 2014.

6. Plaintiff has consented in writing to assert claims for unpaid overtime wages under the FLSA, 29 U.S.C. § 216(b). (See Ex. A.) Plaintiff brings this action collectively and on behalf of all similarly situated individuals nationwide (the "FLSA Collective"), pursuant to the FLSA, 29 U.S.C. § 216(b). As this case proceeds, it is likely that other individuals will sign consent forms and join this action as opt-in Plaintiffs.

## FACTUAL ALLEGATIONS

7. OneSource provides information technology support services to various companies around the world on a contract basis.

8. Plaintiff worked in Colorado for OneSource as a Field Technician providing support to various OneSource clients. Plaintiff's job was to perform such tasks as installing and troubleshooting hardware, inventorying technology infrastructure, mapping networks and hardware interconnectivity, installing software and hardware upgrades, and running cable.

9. OneSource unlawfully classified Plaintiff and the FLSA Collective as independent contractors to avoid its obligations to pay overtime and minimum wages, and to reap other benefits of such illegal classification such as reduced tax liability, avoiding workers' compensation, and passing its operating costs to its workforce.

10. Plaintiff and the FLSA Collective were not independent contractors; they were employees subject to the direction and control of OneSource with regard to the manner and

means of their employment and job performance. For example:

    a.    OneSource required Plaintiff and the FLSA Collective to record and report the hours they worked just like regular (W-2), hourly-paid employees.

    b.    OneSource directed Plaintiff and the FLSA Collective as to when, where, and how to perform their jobs. This information was transmitted through detailed work orders, telephone oversight, and communications with supervisors working for OneSource clients.

    c.    Although Plaintiff and the FLSA Collective have passed some technology certification exams, most of their actual training was "on the job." In addition, OneSource provided on-line training to provide Plaintiff and the FLSA Collective with the skills necessary to perform their work.

    d.    Upon information and belief, OneSource required Plaintiff and members of the FLSA Collective to sign non-compete agreements preventing them from working for any other similar company. Regardless of the contractual prohibition against such work, Plaintiff and the members of the FLSA Collective spent so much time performing work for Defendant that, as a practical matter, they were and are prevented from working for any other company.

    e.    OneSource controlled the amount of hours Plaintiff and the FLSA Collective worked.

    f.    OneSource dictated the locations at which Plaintiff and the FLSA Collective worked.

    g.    OneSource dictated the timeframes in which Plaintiff and the FLSA Collective were required to complete assigned work.

    h.    Plaintiff's and the FLSA Collective's services were integrated into OneSource's operations.

    i.    Plaintiff and the FLSA Collective were required to perform their work in an order set by OneSource.

    j.    OneSource established detailed procedures that Plaintiff and the FLSA Collective were required to follow when performing their work.

    k.    OneSource maintained the right to discharge Plaintiff and the FLSA Collective at will.

    l.    OneSource reimbursed Plaintiff and the FLSA Collective for vehicle costs and all equipment and consumables necessary to perform their work.

11. Defendant violated the overtime laws by failing to pay Plaintiff and the FLSA Collective an overtime premium on all recorded hours, and by failing to pay them any compensation for other hours worked that Defendant prevented Plaintiff and the FLSA Collective from recording.

12. Although Plaintiff frequently worked more than forty (40) recorded hours per week, he was not compensated at the mandated time and one-half rate for all of these overtime hours. Instead, Defendant often paid Plaintiff a flat hourly rate, regardless of how many hours he actually worked. That is, for many of the overtime hours he worked, OneSource paid Plaintiff only "straight time."

13. In addition, OneSource did not record and pay Plaintiff and the FLSA Collective for all hours worked. Rather, Defendant only allowed Plaintiff and the FLSA Collective to record time worked on-site. As a result, Plaintiff and the FLSA Collective were not allowed to record, and therefore were not compensated for, any hours traveling to their first assignment of the day and from their last, despite performing tasks that were integral and indispensable to their principle work activity.

14. During the workweeks Plaintiff and the FLSA Collective worked more than 40 hours, they should have been paid one and one-half times their hourly rate for the time spent completing these tasks.

15. Defendant was or should have been aware that Plaintiff and the FLSA Collective were employees misclassified as independent contractors and performed work that required proper payment of overtime and minimum wage compensation. Indeed, upon information and belief, the "non-compete agreement" Defendant required Plaintiff and the FLSA Collective to sign describes the relationship between the parties as an "employment relationship."

16. Defendant was or should have been aware that Plaintiff and the FLSA Collective were improperly compensated for some overtime hours and uncompensated for other hours because Defendant dictated the work that was to be completed, how it was to be completed, when it was completed, and how the hours worked were recorded.

17. Defendant's conduct as alleged in this Complaint was willful and in bad faith.

## FLSA COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff and the FLSA Collective incorporate and reference the facts and allegations in the preceding paragraphs.

19. Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiff files this action individually and as a collective action on behalf of all similarly situated individuals, the "FLSA Collective." The proposed FLSA Collective class is defined as follows:

> all individuals employed as field technicians, or similar job titles, who work or worked for Defendant at any time from the date three years prior to the filing of this Complaint through the entry of judgment.

20. The FLSA Collective has suffered from the same unlawful conduct nationally and would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. The members of the FLSA Collective are known to Defendant and are readily identifiable through Defendant's records.

21. At all relevant times, OneSource has been, and continues to be, an "employer" within the meaning of the FLSA:  OneSource is an enterprise engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA; has had gross volume of sales in excess of $500,000; and has employed, and/or continues to employ, non-exempt "employees," including Plaintiff and the FLSA Collective.

## CAUSES OF ACTION

### COUNT I – OVERTIME VIOLATIONS UNDER FEDERAL LAW
### (Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.)

22. Plaintiff and the FLSA Collective incorporate by reference all of the above paragraphs.

23. The FLSA requires employers to pay all non-exempt employees one and one-half times their regular rate of pay for all hours worked over forty per workweek. 29 U.S.C. § 207.

24. Defendant routinely suffered and permitted Plaintiff and the FLSA Collective to work more than forty hours in a workweek.

25. Defendant's actions, policies, and practices as described above violate the FLSA by failing to compensate Plaintiff and the FLSA Collective at the required overtime rate.

26. As a direct and approximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective have suffered loss of income and other damages. Plaintiff and the FLSA Collective are entitled to liquidated damages, attorneys' fees, and costs incurred in connection with this action.

### PRAYER FOR RELIEF

27. **WHEREFORE**, Plaintiff, individually and on behalf of the FLSA Collective, prays for judgment against Defendant as follows:

   A. Designate this action as a collective action on behalf of all similarly situated individuals and promptly issue court-supervised notice to those individuals to apprise them of this pending action and permit them to timely assert FLSA claims in this action by filing individual consent forms, pursuant to 29 U.S.C. § 216(b);

   B. Find that Defendant misclassified Plaintiff and the FLSA Collective as independent contractors;

   C. Judgment that Defendant's practices violate the FLSA;

6

D. Find that Defendant's FLSA violations were willful;

E. Judgment against Defendant in the amount of Plaintiff and the FLSA Collective's unpaid back wages at the applicable rates;

F. Award Plaintiff and the FLSA Collective all damages, liquidated damages, costs and attorneys' fees incurred in prosecuting this action;

G. Award prejudgment interest to Plaintiff and the FLSA Collective (to the extent liquidated damages are not awarded);

H. Leave to add additional plaintiffs by motion, by filing additional consent forms, or any other method approved by the Court;

I. Leave to amend the Complaint to add additional federal and state law claims; and

J. For all such further relief as the Court deems equitable and just.

Dated: December 16, 2014     **NICHOLS KASTER, PLLP**

Timothy C. Selander, MN Bar No. 0387016*
Paul J. Lukas, MN Bar No. 22084X*
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
selander@nka.com
lukas@nka.com

Brian D. Gonzales*
THE LAW OFFICES OF
BRIAN D. GONZALES, PLLC
123 North College Avenue, Suite 200
Fort Collins, CO 80524
Telephone: (970) 212-4665
Facsimile: (303) 539-9812
BGonzales@ColoradoWageLaw.com

*Pro hac vice applications forthcoming*

ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE COLLECTIVE CLASS